NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME G. CEDILLOS FLORES, AKA Jaime Geovany Cedillos, AKA Jamie Geovany Cedillos, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-72527 <br><br> Agency No. A072-452-785 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]
San Francisco, California

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and HILLMAN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Petitioner Jaime Cedillos Flores, a native and citizen of El Salvador, seeks review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's denial of withholding of removal under 8 U.S.C. § 1231(b)(3) and of relief under the Convention Against Torture ("CAT"), *see* 8 C.F.R. § 1208.16(c). We review for abuse of discretion the agency's particularly serious crime determination, *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012), and review for substantial evidence the denial of CAT relief, *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in determining that Cedillos Flores's conviction for aggravated assault with a deadly weapon in violation of Texas Penal Code § 22.02(a)(2) qualifies as a particularly serious crime that renders him statutorily ineligible for withholding of removal. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (explaining that our review of an agency's particularly serious crime determination is "limited to ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence' to reach this conclusion" (alteration in original) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010))). Because Cedillos Flores received a sentence of fewer than five years for that conviction, the agency applied the modified *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982) factors, examining the type of sentence imposed, the nature of the conviction, and the circumstances and underlying facts of the

2

conviction. *See In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007). Applying these factors, the agency found a two-year prison sentence to be lengthy and interpreted the underlying facts of the conviction—showing that Cedillos Flores pointed a firearm at the victim, demanded the victim give him a baseball bat, and laughed and drove away—to indicate the conviction constituted a particularly serious crime. Cedillos Flores does not argue that the agency applied the incorrect standard or did not consider the proper evidence—he contends only that the agency reached the wrong conclusions. We lack jurisdiction to address those arguments. *Avendano-Hernandez*, 800 F.3d at 1077 (explaining that we lack jurisdiction to "reweigh the evidence and reach our own determination about the crime's seriousness").

The record does not compel the conclusion that it was more likely than not that Cedillos Flores would be tortured by or with the acquiescence of government officials as required for CAT relief. *See* 8 C.F.R. § 1208.17; *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) ("To reverse the BIA" when it has denied CAT relief, "we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." (alterations in original) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014))).

3

Cedillos Flores first fails to establish a clear probability that he will face torture from the Salvadoran gang Mara 18 with the government's acquiescence. The past incidents of abuse and harassment he testified the gang subjected him to do not clearly rise to the level of torture. Nor did Cedillos Flores introduce any specific, individualized, non-speculative evidence establishing that the government had acquiesced in the gang's treatment of Cedillos Flores in the past or would acquiesce in torture in the future. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (explaining that "generalized evidence of violence and crime" in the country of origin was not "particular to" the petitioner and was insufficient to warrant CAT protection).

Cedillos Flores also fails to establish a clear probability that he will face torture from the police themselves. Although Cedillos Flores testified he was beaten by the police on one occasion while he lived in El Salvador, the circumstances of that beating do not clearly amount to torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200-01 (9th Cir. 2007) (explaining that "it is not clear" that being "taken into custody and beaten on four occasions . . . would rise to the level of torture"). Nor was the agency required to conclude that Cedillos Flores would face similar or worse treatment by police if he returned to El Salvador, as Cedillos Flores also detailed other times he had been arrested without mentioning beatings or other physical harm.

4

The petition for review is **DENIED.**